UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK ARANT, | ) |
|         Plaintiff, | ) Case No. 2:12-cv-01386-JCM-GWF |
| vs. | ) **ORDER AND FINDING AND** |
| J. P. MORGAN CHASE, INC., *et al.*, | ) **RECOMMENDATION** |
|         Defendants. | ) |

This matter comes before the Court on the Court's July 11, 2013 Order to Show Cause (#23) and Plaintiff's August 4, 2013 Memorandum (#27). Plaintiff was ordered to show cause no later than July 25, 2013 why his Amended Complaint (#13) should not be dismissed.

**BACKGROUND**

Plaintiff filed his original Complaint (#1) on August 6, 2012, and proof of service was originally due by December 4, 2012. On December 3, 2012, Plaintiff filed his first Motion to Extend Time to File Proof of Service (#5), in which he represented an impending Ninth Circuit opinion may require amendment of his Complaint. The Court entered an Order (#36) on December 4, 2012 extending the deadline to January 4, 2013. Plaintiff filed a second Motion to Extend (#7) on January 6, 2013, making the same representation. The Court granted the Motion (#7) and extended the deadline to February 11, 2013. *See January 11, 2013 Order, Doc. #8*. Plaintiff filed a third Motion to Extend (#9) on February 13, 2013. The Court ordered Plaintiff to file a supplement detailing the case number and briefing schedule of the subject Ninth Circuit appeal. *See February 14, 2013 Order, Doc. #10*. Plaintiff filed his Supplement (#11) on February 16, 2013, and the Court again extended the deadline for proof of service to March 22, 2013. *See February 20, 2013*

*Order, Doc. #12*. Plaintiff filed an Amended Complaint (#13) on March 14, 2013. Plaintiff filed a fourth Motion to Extend (#22) on July 8, 2013. The Court explained that the deadline to serve expired on March 22, 2013, found no good cause to further extend the service deadline, and ordered Plaintiff to show cause why his Amended Complaint should not be dismissed for lack of service. *See July 11, 2013 Order, Doc. #23*.

## DISCUSSION

Service of process on a defendant must be made within 120 days of filing a complaint. *See* Fed. R. Civ. P. 4(m). The filing of an amended complaint does not restart the 120-day period provided by Rule 4(m), however, "except as to those defendants newly added in the amended complaint." *Carr v. Int'l Game Technology*, 770 F.Supp.2d 1080, 1100 (D. Nev. 2011) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).

Here, all the defendants in the original and amended complaints are identical, and Plaintiff's Amended Complaint added no new defendants. Therefore, the filing of the Amended Complaint did not restart the Rule 4(m) deadline, and proof of service was due by March 22, 2013. *See February 20, 2013 Order, Doc. #12*. In Plaintiff's Memorandum (#27), which the Court construes as his untimely response to the Court's Order to Show Cause (#23), Plaintiff makes much of the July 12, 2013 response date automatically generated by the CM/ECF system in the docket summary accompanying his Amended Complaint (#13). *See, e.g., Doc. #27* at 1:19. The Federal Rules of Civil Procedure, however, and not text automation, govern deadlines in the Court. The Court, having considered Plaintiff's late Memorandum (#27) and the number of missed opportunities to file proof of service in this case, finds Plaintiff has not shown good cause why his complaint should not be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that, in light of the Recommendation below, the Court's Order to Submit Proposed Discovery Plan (#34) is **withdrawn**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#13) be **dismissed**.

...

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of September, 2013.

*/s/ George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge